# EXHIBIT A

RECEIVED
FEB 10 2020
CIRCUIT COURT

RECEIVED BY
Judges' Chambers
Date: 2-19-20

FILED
FEB 19 2020
Debbie McMillan Charlton
Circuit Court

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| ANGELIA SOLOMON, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) Docket No.: 2019-230J |
| AARON L. SOLOMON, <br> Defendant. | ) <br> ) <br> ) <br> ) |

## ORDER

This cause came on to be heard on the 4th day of February, 2020, before the Honorable Deanna B. Johnson, Judge of the Circuit Court for Williamson County, Tennessee, upon Mr. Solomon's Motion filed December 16, 2019 pursuant to T.C.A. §29-41-101, et. seq. for the Court to make a determination as to whether or not the matter pending before this Honorable Court is an "abusive civil action" as defined in T.C.A. §29-41-106 and in the event this Honorable Court were to find the same to be an "abusive civil action" that the Court determine the appropriate remedy pursuant to T.C.A. §39-41-106. The Court also heard Mother's Motion for a more Definitive Statement and Mr. Solomon's Response thereto filed January 2, 2020.

The Court, after a careful review of the Motions filed as well as the other pleadings contained within the Court file, argument of counsel for the parties and the Guardian Ad Litem and the testimony of the parties, finds and Orders as follows:

1. It is **ORDERED, ADJUDGED and DECREED** that "Mother's Motion for a More Definitive Statement" is respectfully denied as moot as a result of the response filed thereto on January 2, 2020. The Court finds that Mr. Solomon's response filed January 2, 2020 to Ms. Solomon's Motion is clear and unambiguous. The Court, for the record, finds the response filed by Mr. Solomon states with particularity the grounds for his Motion and the relief sought. The substance of Mr. Solomon's facts to Support his Motion are contained within his response to Ms. Solomon's Motion for a More Definitive Statement. Mr. Solomon's response is quoted as

Case 3:21-cv-00498   Document 1-2   Filed 06/29/21   Page 2 of 17 PageID #: 64

follows for the purposes of the record. The Court further finds the allegations contained therein where supported by Mr. Solomon's testimony today under oath and were unrebutted by Ms. Solomon.

> "1. Mr. Solomon filed for divorce in Davidson County Tennessee on May 13, 2013. Throughout the pendency of that action, Ms. Solomon made numerous allegations that Mr. Solomon was abusive, physically, mentally, and sexually, to herself and the parties' two minor children. At no time did the Court believe any of the allegations, further, the Court found that none of them were true, as did Department of Children Services in its investigations. By Order entered December 12, 2014, the Divorce Court noted the times it found Ms. Solomon lacked credibility and/or to have directly lied to the Court. The Order of December 12, 2014, from Judge Smith, states in pertinent part as follows:
>
> "*4. This Honorable Court is mindful of its Order entered July 13, 2013, specifically, the following:*
>
> '*5. <u>The Court finds that the most damaging testimony in this matter came from Ms. Solomon herself. The Court finds, simply stated, it does not believe Ms. Solomon's testimony.</u> The Court, as a finding of fact, finds that it does believe that Ms. Solomon attempted to commit suicide, although she testifies that such may have been for the purpose of getting attention. <u>The Court is very concerned about Ms. Solomon's behavior, her mental health and her most recent behavior.</u> The Court, further makes the finding of fact that Ms. Solomon did text the parties' son as demonstrated by the exhibit of such that has been placed into the record. The Court makes a finding that it does not believe for one minute that Ms. Solomon did not send the text to the parties' son and the Court was quite frank with Ms. Solomon. <u>The Court makes a finding that it is quite concerned about the safety of the minor children even in a supervised setting with Mother.</u>* (Emphasis added).
>
> *7. <u>The Court does find that Ms. Solomon needs mental health treatment.</u> It is, ORDERED, ADJUDGED AND DECREED that Ms. Solomon is to report to Dr. Freeman for him to prepare an evaluation and report to ascertain the kind of help that would be most beneficial to Ms. Solomon. The Court admonishes Ms. Solomon that the Court Orders this evaluation for the sake of all the parties involved. The Court is of the opinion that Mr. Solomon still loves Ms. Solomon and he really does not want this divorce, but he sees no other way. The Court has*

2

admonished Ms. Solomon that it is really up to her at this point and time. The Court Orders that until it receives the evaluation back from Dr. Freeman it is not going to allow Mother any parenting time. <u>The Court is emphasizing that its concerns at this time are that great.</u>'(Emphasis added).

5. Additionally, the Court is mindful that Ms. Solomon filed a request for and was granted an Ex-parte Order of Protection on May 11, 2013, wherein she made the following allegations against Mr. Solomon, only to request on May 20, 2013, that the "Petition for Order of Protection" that she filed be dismissed, which they were by Order entered May 20, 2013:

'I am seeking an order of protection against my husband Aaron Soloman. Thursday night, going into Friday May 10th 2013 my husband tried to hung me with a blow dryer cord in the bathroom of our home. Yesterday Friday May 11th my parents came over to my house to try and have me committed into a mental institution, my parents and my husband are insane and trying to take my kids away from me, I have talked to my psychiatrist and told him about everything that has been going on and about the inheritance that Aaron is about to get, my doctor told me that my parents and Aaron maybe ploting just to take the money and keep it to themselves. When I asked my parents why they wanted to send me to the hospital and to call the mobile unit on me they said because they want the kids and told me that I was going to loose them. I went to the hospital Friday but was released today Saturday May 11th 2013. My husband and my parents just kept yelling that they were running out of time. Before my husband called an ambulance he and my parents became upset because I wouldn't go to the hospital with them, my husband then hit me on the right side of my head and knocked me on to the bed, took my cell phone from me, all this happened in front of my parents and I told them you see this is what I have been talking about and my dad said "I didn't see that and a husband can do to his wife what he wants". My husband has abused me many times in the past even in front of the kids, Dr. Reed has all the pictures and evidence of the abuse, I have been forwarding pictures and evidence to him for the last 6 months. On one of these pictures when the doctor saw it he asked me who that was and he couldn't believe it when I told him it was me because my face distorted, puffy and very red looking. These statements are true and correct and occurred in Nashville Davidson County TN.'

3

*The [Divorce] Court found that for Ms. Solomon to request that her request for an Order of Protection be dismissed in light of the seriousness of her allegations to be suspect.*

6. This Honorable Court's Order entered on November 27, 2013, states, in pertinent part, as follows:

'2. It is ORDERED, ADJUDGED AND DECREED that counsel for Father shall subpoena the DCS caseworkers to be present as relates to reports to the Department of Children's Services regarding the parties' minor children. The Court finds that at this point it is very concerned and that the Court is going to get to the bottom of this situation. The Court wants to know who made the allegations of abuse to the Department of Children's Services. <u>Further, the Court wants to determine if Ms. Solomon is continuing to accuse Mr. Solomon of attempting to kill her in light of the proof that the Court heard on the 21st of June, 2013,</u> today's hearing, and the text messages that the Court has reviewed from both of those hearings. The Court finds the real issue here is whether Ms. Solomon is dealing in reality at this point in light of the Court finding that it is crystal clear that Ms. Solomon staged this incident in May, 2013. ...'

7. This Honorable Court's [Judge Smith] Order entered on the 8th day of January, 2014, states, in pertinent part, as follows:

'1. <u>The Court finds that Ms. Solomon was not honest with this Honorable Court as relates to the referrals to the Department of Children Services. She in fact made the reports herself.</u> The Court notes for the record, Counsel for Defendants objection to the admissibility of the referrals to the Department of Children Services. The Court has no reason to doubt the authenticity and accuracy of the reports and the same were authenticated via the custodian of the records via her testimony this date. <u>This Honorable Court finds that at the hearing on November 15, 2013, this Honorable Court specifically asked Ms. Solomon if she had made a referral or had made the two referrals to the Department of Children Services, wherein she responded "No".</u> The Court finds that based upon the documentation from the Department of Children Services and the testimony of the custodian of the records, <u>that she in fact is the person who made both referrals. The Court also finds based upon the behavior of Ms. Solomon that the Court finds she has misrepresented very important facts to this Honorable Court. The Court finds it has no choice but to enjoin and restrain Ms. Solomon from making any further referrals to the Department of Children Services regarding the minor children.</u>

4

*Grace and Grant Solomon without first discussing such referral with her counsel. The Court further finds that the prohibition against her making referrals to the Department of Children Services only applies to the parties' minor children, Grace and Grant Solomon.'* (Emphasis added).

*The Court further stated:*
*'3.     The Court finds that as relates to Ms. Solomon's request for parenting time, that it will not order parenting time by Mother because of the Court's great concern with the false allegations she made and Ms. Solomon's overall lack of honesty with this Honorable Court since these proceedings first began. Further, The Court is concerned with the allegations contained in the referrals she made to the Department of Children Services regarding sexual abuse and physical abuse to her and the children. Her allegations are without any basis. Therefore the Court will not award any parenting time at this point out of concern for the children, other than supervised visitation with a third-party supervisor, which shall be at Ms. Solomon's expense.* (Emphasis added).

*4.     The Court at the November 15, 2013 hearing found it necessary to continue certain aspects of the November 15, 2013 hearing date and Ordered Counsel for Mr. Solomon to Subpoena the appropriate Department of Children Services workers as relates to the allegations made against Mr. Solomon and by whom made. The Court was quite concerned at the November 15, 2013, hearing as relates to the allegations made against Mr. Solomon and who made such. The Court now knows that Mrs. Solomon in fact made the allegations contrary to her sworn testimony on November 15, 2013 that she did not make the allegation(s).* (Emphasis added).

*1.     It is, ORDERED, ADJUDGED AND DECREED that Angelia Solomon is hereby restrained and enjoined from making any reports with the Department of Children Services as relates to the minor children Grace and Grant Solomon. The Court has made an exhibit of the previous hearing transcript as part of this record. It is marked as Exhibit #4.'* (Emphasis added).

*8.     Now having reviewed the relevant history of this case, as relates to the hearing on this date, the Court makes the following findings of facts and conclusions of law.*

*9.     The Court is quite concerned with the reoccurrence of the allegations of sexual abuse being made against Mr. Solomon by or through the efforts of Ms. Solomon as relates to the parties' minor*

5

*child, Gracie. The Court finds that it has a long history and familiarity with this case, which the Court has recited, and everything presented to this Court leads the Court to believe that nothing of an inappropriate nature has occurred between Mr. Solomon and the parties' minor child, Gracie. The Court is not certain whether such is just in Ms. Solomon's mind, however, the Court has a long history with this case and is mindful of the Court's conversation with Dr. Freeman the last time that these allegations arose. The Court has had DCS workers in the past testify, prior to the divorce being granted, whom were subpoenaed to Court as relates to numerous abuse allegations, the Court believes this to be the fourth (4th) allegation that has been made to the Department of Children Services. All previous allegations have been returned unfounded by the Department of Children Services.* (Emphasis added).

10. *The Court is quite concerned that Ms. Solomon continues to engage in the type of behavior that she engaged in prior to the divorce as relates to such unfounded allegations of abuse. The Court makes a finding of fact upon the Court's observation of Ms. Solomon as a witness in the past, that she has evidenced in the presence of this Honorable Court a severe mental health disability. The Court finds that she continues to make baseless allegations of abuse against Mr. Solomon, sexually and otherwise.* (Emphasis added).

11. *The Court finds that Ms. Solomon admits that she continues to be estranged from her parents and her family. Further, the Court is mindful that Ms. Solomon has previously made allegations of sexual abuse against her own Father and Mother. The Court finds that her Father has previously testified in this Court. The Court found his testimony credible.* The Court makes the finding of fact that the behavior she exhibited prior to the entry of the Final Decree continues and leaves this Honorable Court to make finding that the Restraining Order must remain in place to protect the parties' minor children. *The Court finds that Ms. Solomon continues to pose a threat of substantial harm to the children by her behavior and her obvious mental health issues* which have been apparent to this Court since prior to the entry of the Final Decree of Divorce. (Emphasis added).

12. The Court makes a finding for this record, that it has reviewed the appropriate Tennessee statutes as relates to the extension of this Temporary Restraining Order and finds that failure of this Court to continue the Temporary Restraining Order in place would pose a substantial threat of harm to the minor

6

*children by reason of Mother's behavior and mental health issues."*

2. Shortly after the Final Decree of Divorce was entered in Davidson County Circuit Court, Ms. Solomon filed a "Sworn Petition to Declare Children Dependent and Neglected and for Temporary Emergency Custody", on November 21, 2014 in the Juvenile Court for Coffee County, Tennessee. In this petition Ms. Solomon alleges, in pertinent part, the following:

"8. *There is an immediate and substantial risk of serious harm to the minor children should they be returned to the Respondent's physical custody based upon children's recent disclosure of potential sexual abuse and environmental neglect by the Respondent.* (Emphasis added).
9. *Specifically, Petitioner would show that she attended a basketball game with the minor children on November 18, 2014.*



16. *Further, Petition took the minor children to the office of Dr. Jay Trussler in Manchester, Tennessee following the children's complaints that they did not feel well enough to attend school on Monday, October 27, 2014.*

7



Despite the horrendous allegations of this sworn petition, this case was voluntarily dismissed with prejudice by Ms. Solomon, after numerous court appearances, on May 13, 2015, similar to the Order of Protection she requested be dismissed May 20, 2013 despite the seriousness of the allegations in the petition, upon Motion by Father at close of petitioner's proof. Further, again Mr. Solomon was subjected to yet another DCS investigation which, as all of the others, was returned "unfounded".

3. On August 14, 2018, Ms. Solomon filed another "Petition to Adjudicate Children Dependent and Neglected, and for Emergency Temporary Restraining Order", this time in the Juvenile Court for Williamson County, Tennessee. In her Petition, Ms. Solomon alleged Sexual Abuse, Mental Abuse, Physical Abuse, Verbal Abuse, Unhealthy Atmosphere, and that Gracie is terrified of her Father. The majority of the allegations in this petition are the same as those alleged in the Davidson County divorce and the petition that Ms. Solomon filed in Coffee County Juvenile, that she later dismissed with prejudice.

8

The Juvenile Court for Williamson County Tennessee found, by Order entered on October 31, 2018, that

"3....*Plaintiff has failed to prove that the minor child Grant Solomon is a dependent and neglected child under the meaning of the statute.*"

4. It is therefore ORDERED, ADJUDGED, and DECREED that the dependent and neglect petition as relates to the minor child Grant Solomon is dismissed.

5. It is ORDERED, ADJUDGED, and DECREED that the costs of the Petition, as relates to Grant Solomon, are assessed against Angela Solomon which amount is reduced to judgment for which let execution issue if necessary."

By Order entered on November 6, 2018, the Juvenile Court of Williamson County stated as follows:

"2. *The Court finds that, after hearing the testimony of Mother and Father this date, and after the Court posing certain questions to Mother, that Mother has failed to meet her burden of proof that the minor child Gracie Rhodes Solomon is a dependent and neglected child within the meaning of the statute. <u>The Court finds that the allegations of sexual abuse were not proven, and further, these are the same allegations of sexual abuse that have previously been before the courts in Davidson and Coffee county that were dismissed, and assessed or investigated by the Dept. of Children's services in Rutherford County.</u>* (emphasis added).

3. It is, therefore, ORDERED, ADJUDGED and DECREED that "Petition to Adjudicate the Children Dependent and Neglected and for Emergency Temporary Restraining Order", filed August 14, 2018 is dismissed in its entirety and possession of the minor child is ordered immediately restored to Father, Aaron Solomon. All previous orders of this Honorable Court are dismissed."

Ms. Solomon subsequently appealed both findings that the children were not dependent and neglected to this Honorable Court, which rehearing was dismissed with the parties in agreement that it should be appealed to the Circuit Court for Williamson County.

4. On May 1, 2019, Ms. Solomon appealed the Williamson County Juvenile Court decision to the Williamson County Circuit Court. The hearing was scheduled for August 21 and 22, 2019. On May 29, 2019, Ms. Solomon, while represented by counsel, filed a

9

"Notice of Voluntary Non-Suit" and "Order of Voluntary Dismissal" on her own without notifying her attorney prior.

Ms. Solomon's Attorneys at the time, Ms. Kelli A. Haas and Ms. Judy A. Oxford, filed a "Motion to Withdraw" on July 18, 2019 stating in pertinent part as follows:

*"As grounds for this motion, counsel would show that Ms. Solomon is not cooperating with counsel, or communicating with counsel, and it is therefore unreasonably difficult to continue to represent Ms. Solomon.*

*More specifically, Ms. Solomon prepared a Notice of Voluntary Non-Suit and Order of Voluntary Non-Suit, and filed them on May 29, 2019, without any prior notice to counsel. <u>She communicated to attorney Kelli Hass that she did not want to move forward with the appeal.</u> Ms. Solomon emailed the stamped-filed Notice and Order to Kelli on May 29th, along with a request to pick up her file by May 31st. Ms. Haas provided the file electronically to Ms. Solomon on May 29th, 2019.* (Emphasis added).

After filing her Notice and Order on May 29, 2019 and communicating to her counsel of record that she no longer wanted to move forward with the appeal, Ms. Solomon withdrew her Notice of Voluntary Non-Suit and Order of Voluntary Dismissal on June 3, 2019. This Honorable Court has recently entered an order allowing Ms. Solomon's appeal to proceed.

5. Ms. Solomon has on numerous occasions, as demonstrated by the lengthy history above, filed baseless petitions and made numerous untrue allegations in which Mr. Solomon has had no choice but to defend himself. These false, malicious and libelous assertions, which she has told to her friends, the community, the internet, and multiple courts has caused Mr. Solomon to suffer loss of reputation and standing in the community and incurred attorney's fees and costs. All of these assertions have been found to be untrue and without any factual basis whatsoever. The Honorable Philip E. Smith Judge of the Fourth Circuit Court of Davidson County, found that Ms. Solomon, on numerous occasions, fabricated and or made up allegations about Mr. Solomon. Further the Judge Smith stated that Ms. Solomon has made four abuse allegations to the Department of Children Services, all of which have been returned unfounded. Her Petition in Coffee County was dismissed with prejudice, and the Juvenile Court for Williamson County found that Ms. Solomon did not provide sufficient evidence to prove that the parties' minor children are dependent and neglected. The Juvenile Court for Williamson County further found that all allegations in

10

this petition were allegations asserted in previous petitions in Davidson, Coffee and Rutherford Counties."

The Court finds, for the record, that the present matter is an abusive civil action. The Court has carefully considered the facts of this case and T. C. A §29-41-106 et. seq.

The statute defines (1) "abusive civil action" as follows:

> "(1) 'Abusive civil action' means a civil action filed by a plaintiff against a defendant with whom the plaintiff shares a civil action party relationship primarily to harass or maliciously injure the defendant and at least one (1) of the following factors are applicable:"

The statute requires that at least one of the below factors be applicable:

> "(A) Claims, allegations, and other legal contentions made in the civil action are not warranted by existing law or by a reasonable argument for the extension, modification, or reversal of existing law, or the establishment of new law;
>
> (B) Allegations and other factual contentions made in the civil action are without the existence of evidentiary support; or
>
> (C) Issue or issues that are the basis of the civil action have previously been filed in one (1) or more other courts or jurisdictions by the same, and the actions have been litigated and disposed of unfavorably to the plaintiff;"

The Court finds that factors (B) and (C) apply in this matter. The Court finds that the factual contentions made in the present action are without the existence of any evidentiary support. Further, the issue(s) that are the basis of the present action have previously been litigated in courts in Davidson, Coffee and Williamson County. All actions have been dismissed as without a factual basis. Further, the numerous reports of abuse made to the Department of Children's Services by Ms. Solomon have all been returned unfounded. All actions made and taken by Ms. Solomon have been litigated and disposed of unfavorably to Ms. Solomon.

11

Pursuant to T.C.A. §29-4-101(5)(A), the Court finds that the "Civil Action party" relationship" between Mr. Solomon and Ms. Solomon is that they are adults who are former spouses.

The Court makes the finding, pursuant to T.C.A. §29-41-101(6), that Ms. Solomon has filed civil actions to harass and maliciously injure Mr. Solomon. The statute defines "harass or maliciously injure," as follows:

> "(A) Exhaust, deplete, impair, or adversely impact the civil action defendant's financial resources unless:"

Further, the Court finds section 6(B) applies to this matter. Section 6(B) states:

> "(B) Prevent or interfere with the ability of the civil action defendant to raise a child or children for whom the civil action defendant has legal custody in the manner the civil action defendant deems appropriate unless the civil action plaintiff has a lawful right to interfere and a good faith basis for doing so;"

It is undisputed that Mr. Solomon has legal custody of both of the parties' minor children, Grant Solomon, born June 13, 2002, and Gracie Solomon, born October 17, 2006. The Court finds that Ms. Solomon's meritless claims continue to interfere with Mr. Solomon's custody to this day. Ms. Solomon continues with her baseless claims that Mr. Solomon has sexually abused the parties' daughter. Testimony given by Ms. Solomon today conflicts with other testimony she has given this day, such as additional or new allegations of sexual abuse of the parties minor daughter by Mr. Solomon were not brought to the attention of the Juvenile Court for Williamson County, Tennessee in spite of the unrebutted fact that other allegations of sexual abuse were pending before the Juvenile Court and further that there was a Guardian Ad Litem in the matter and further Ms. Solomon's testimony today that a man from DCS met with Gracie on more than one occasion while she was at school.

The Court finds that parts 6(C)(D) quoted below apply as well:

12

> "(C) Force, coerce, or attempt to force or coerce the civil action defendant to agree to or make adverse concessions concerning financial, custodial, support, or other issues when the issues in question have been previously litigated and decided in favor of the civil action defendant;
>
> (D) Force, coerce, or attempt to force or coerce the civil action defendant to alter, engage in, or refrain from engaging in conduct when the conduct is lawful and is conduct in which the civil action defendant has the right to engage;"

Ms. Solomon's obvious goal is to obtain custody of the parties' children when such has previously been determined by Judge Philip Smith of the Davidson County, Tennessee Circuit Court in the parties' divorce. (*Angela Solomon v. Aaron L. Solomon*, Davidson County Circuit Court 13D-1446). Custody of the children has previously been adjudicated by Judge Smith. He placed custody with Mr. Solomon. Judge Smith's reasons for such are clearly spelled out in his Orders which are repeated in Mr. Solomon's Motion and repeated herein. Mr. Solomon has every right to possession of the parties' children and to expect that Ms. Solomon not interfere in his custody and possession.

The court also finds that parts (F) and (G) of the statute stated below applies:

> "(F) Prevent, interfere, or adversely impact the ability of the civil action defendant to pursue or maintain a livelihood or lifestyle at the same or better standard as the civil action defendant enjoyed prior to the filing of the action primarily for the purpose of harassing or maliciously injuring the civil action defendant; or
>
> (G) Impair, diminish, or tarnish the civil action defendant's reputation in the community or alienate the civil action defendant's friends, colleagues, attorneys, or professional associates by subjecting parties without knowledge of or not reasonably relevant to the civil action to unreasonably or unnecessarily complex, lengthy, or intrusive interrogatories or depositions."

13

The Court in considering parts (F) and (G) can hardly imagine a more damaging allegation against a parent to damage, impair, and diminish a parent's reputation, etc. than to be falsely accused of sexually abusing one's own child.

The Court finds that, pursuant to T.C.A. §29-41-105 et. seq., that Mr. Solomon at today's hearing created a rebuttable presumption that this is an abusive civil action. Ms. Solomon failed miserably in her attempt to rebut this presumption.

The statute provides Mr. Solomon with remedies to such conduct being continued in the future by Ms. Solomon. The Court, having found by a preponderance of the evidence, that this action filed by Ms. Solomon is an abusive civil action shall consider the appropriate remedy(ies).

The remedies available to Mr. Solomon are found at T.C.A. §29-41-106 et. seq. They are as follows in addition to dismissal of the current action:

> "(a) If the court finds by a preponderance of the evidence that a person filing a civil action is an abusive civil action plaintiff, and that any or all civil actions filed by the abusive civil plaintiff against the abusive civil action defendant that are pending before the court are abusive civil actions, the civil action shall be dismissed.
>
> (b) In addition to dismissal of any pending abusive civil action within the jurisdiction of the court, the court shall:
>
> > (1) Tax all costs of any abusive civil action pending in the court at the time of the court's finding pursuant to subsection (a) against the abusive civil action plaintiff;
> >
> > (2) Award the civil action defendant reasonable attorney fees and all reasonable costs of defending the abusive civil action; and
> >
> > (3) Impose prefiling restrictions upon any civil action the abusive civil action plaintiff attempts to file for a period of not less than forty-eight (48) months nor more than seventy-two (72) months."

14

The Court, after consideration of the available statutory remedies, the testimony of the parties, argument of counsel and a review of the record finds and Orders as follows. It is, therefore, **ORDERED, ADJUDGED and DECREED** that:

1. The pending civil action is dismissed and the trial currently set for February 5th and 6th, 2020 is stricken from the docket.

2. It is **ORDERED, ADJUDGED and DECREED** that the costs associated with this cause are assessed against plaintiff, Angelia Solomon, which amount is reduced to judgment for which let execution issue if necessary. Ms. Solomon's address is 3123 Carl Road, Franklin, Tennessee 37067.

3. It is **ORDERED, ADJUDGED and DECREED** that Mr. Solomon is awarded his reasonable costs and attorney's fees as relates to this matter. The Court finds that after this Honorable Court announced that it would set a future hearing date to determine the amount of Mr. Solomon's reasonable attorney's fees and costs and after a brief discussion between Mr. Solomon and his counsel, that counsel announced that Mr. Solomon would waive his request for attorney's fees and costs if such waiver would alleviate the necessity of a hearing on the matter in the future. The Court found Mr. Solomon's waiver of such mooted the necessity of a future hearing on the issue of attorney's fees and costs. IT IS SO ORDERED.

4. Lastly, the Court finds it reasonable and necessary to impose prefiling restrictions upon any civil action Ms. Angelia Solomon attempts to file as relates to Mr. Solomon for a period of 12 months. Having imposed prefiling restrictions on Ms. Solomon, the Court advises her that in the event she elects to attempt to file a future civil action against Mr. Solomon, she shall comply with the requirements of T.C.A. §29-41-107 et. seq.

IT IS SO ORDERED.

Entered this 19th day of February, 2019.

_____
JUDGE DEANNA B. JOHNSON

APPROVED FOR ENTRY:

_____
D. SCOTT PARSLEY, #13606
PARSLEY | STRICKLAND
219 Second Avenue North, Suite 300
Nashville, TN 37201
(615) 244-8118
(615) 244-8842 Facsimile

I, DEBBIE McMILLAN BARRETT, CLERK OF CIRCUIT COURT, WILLIAMSON COUNTY, TENNESSEE DO HEREBY CERTIFY THE FOREGOING TO BE A TRUE AND PERFECT COPY OF THE ORIGINAL INSTRUMENT ON FILE IN THIS CASE.
Amelia Solomon vs
Aaron Solomon
BOOK _____ PAGE _____
DATE 5/28/21 CLERK _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been served on

The Honorable Elizabeth R. McClellan
Tennessee Coalition to End Domestic and Sexual Violence
2 Internal Plaza Dr., Suite 425
Nashville, TN 37216
(615) 386-9406
emcclellan@tncoalition.org

Heather M. Webb
P.O. Box 150655
Nashville, TN 37215

by placing same in the U. S. Mail, postage prepaid, on this 6 day of February, 2020.

_____
D. SCOTT PARSLEY

CLERK'S certificate
hereby certify that a true and exact copy of
foregoing has been mailed or delivered to
all parties or counsel of record.

2/20/20    _____
Date       Circuit Court

16