IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AARON SOLOMON ) | |
| ) | |
| v. ) | NO. 3:21-0498 |
| ) | Campbell/Holmes |
| ANGELIA SOLOMON, MELANIE HICKS, ) | |
| WYNN HICKS, ANNA SMITH, KAMI ABBATE, ) | |
| And JOHN DOES 1 through 25 ) | |

**O R D E R**

An initial case management conference was scheduled for August 16, 2021 to be held telephonically. *See* Docket No. 8. On that date, the following counsel appeared: Paige Mills for Plaintiff; Alex Little for Defendants Wynn Hicks, Anna Smith, and Kami Abbate. No appearance was made on behalf of Defendant Melanie Hicks, due reportedly to a conflict of counsel in a state court matter. Nor was any appearance made on behalf of Defendant Angelia Solomon.

Although Plaintiff's counsel reported that she believed Defendant Angelia Solomon had been served because Ms. Solomon's prior counsel had not indicated he would not accept service, that prior counsel had not filed a waiver of service either. Plaintiff's counsel stated their intention to personally serve Ms. Solomon with process. Counsel also reported on the status of the pending motion for a preliminary injunction, which Plaintiff's counsel confirmed was not intended as a motion for a temporary restraining order. Based on these circumstances, and after consultation with Judge Campbell, the following is ORDERED:

1. Once Defendant Angelia Solomon has been served with process, Plaintiff shall file a return of service.

2. The initial case management conference is RESCHEDULED for **October 20, 2021, at 2:00 p.m. (CT)** and shall be held telephonically using the Court's conference line at 1-877-402-9753, access code 3808663#. If Defendant Angelia Solomon has not been served by that date, it is incumbent on Plaintiff's counsel to seek appropriate relief, including a further continuance of the initial case management conference. If no counsel has made an appearance for Defendant Angelia Solomon by that date, Ms. Solomon must personally dial-in and participate in the case management conference *pro se*. If the parties intend for the Court to consider a case management schedule different than that in their current proposed initial case management order (Docket No. 20), they must file a new joint proposed initial case management order by no later than three (3) business days in advance of the rescheduled initial case management conference (and separately email a Word formatted version to the Courtroom Deputy). Plaintiff's counsel shall be responsible for initiating any preparation of a revised joint proposed initial case management order.

3. As previously ordered by Judge Campbell (Docket No. 13), and confirmed by Plaintiff's counsel, Plaintiff's motion for temporary and permanent injunctive relief (Docket No. 5) shall proceed as a motion for a preliminary injunction. By no later than **August 20, 2021**, Defendants must file any response in opposition to the motion. By no later than **August 27, 2021**, Plaintiff may file an optional reply. Otherwise, the responsive filings, including briefing page limits, shall be in accordance with Local Rule 7.01.

4. The stay of discovery shall remain in effect, subject to any party requesting other relief, upon appropriate motion in accordance with Local Rule 7.01, and except for the following. Plaintiff may serve written interrogatories on Defendants related solely to the identity of the individuals running (or controlling) the social media accounts on Instagram, Facebook, Twitter,

and YouTube under the account names @freedomforgracie (Instagram), @FreedomGrace (Twitter), and Freedom for Gracie (Facebook and YouTube) and the "@Brighter-Day-Friends07" Venmo account and the GoFundMe webpage "Freedom4Gracie" (each separately, the "Account" and collectively, the "Accounts").  The interrogatories shall consist of three interrogatories for each Account: (i) do you run or control the Account; (ii) do you know who runs or controls the Account; and, (ii) if you know who runs or controls the Account, provide the name and contact information for the person (or other) who runs or controls the Account.   Defendants shall respond to the interrogatories in accordance with the Federal Rules of Civil Procedure, except that Plaintiff may request or the parties may agree to a shortened response period based on the timing of a hearing on the motion for a preliminary injunction.

5. Any dispute over permitted interrogatories shall be resolved in accordance with the following procedures, unless otherwise ordered by Judge Campbell. No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations.  The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery

dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01 but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

6. Any other relief in connection with the motion for a preliminary injunction, including a request for a hearing, a request for other discovery, or a stay, must be made by appropriate motion filed in accordance with Local Rule 7.01. Any motion for a hearing must include proposed hearing dates, which counsel for the parties should discuss in advance of the filing of the motion. Further, the parties are cautioned that any requested relief should be made on grounds properly presented to the Court and not on anticipated filings that have not yet occurred and about which the Court has insufficient information.

7. Plaintiff's counsel shall serve a copy of this order on Angelia Solomon with service of process. If service of process is already in progress, Plaintiff's counsel may serve this order on Angelia Solomon separately by first class mail.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge