# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| AARON SOLOMON | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **DOCKET NO. 3:21-CV-00498** |
| | ) | |
| ANGELIA SOLOMON, | ) | |
| MELANIE HICKS, WYNN HICKS, | ) | |
| ANNA SMITH, | ) | |
| KAMI ABBATE, and | ) | |
| JOHN DOES 1 THROUGH 25 | ) | |
| | ) | |
|     **Defendants.** | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Lanham Act cases are about commercial disputes. This case is not. Because it is not, Plaintiff cannot—and did not—plead many of the facts required to make out an unfair competition claim under the Lanham Act. Among other shortcomings, Plaintiff did not plead (i) that he suffered a commercial injury, (ii) that Defendants falsely advertised any goods or services, or (iii) how such false advertisement proximately caused any business injury he suffered. Each of these issues is fatal under Fed. R. Civ. P. 12(b)(6). Together, they demonstrate that Plaintiff's federal claim is so "completely devoid of merit as not to involve a federal controversy." *See Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974). Either way, this Court should arrive at the same place: this Complaint should be dismissed.

### *Plaintiff is Not within the Zone of Interests*

Plaintiff has not alleged a commercial injury that places him within the zone of interests of the Lanham Act—specifically that he was "injured as a result of the [defendants'] misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with [his] products." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 255 (2d Cir. 2014). Plaintiff

tries to fix this problem by pleading new facts in his Response about Mr. Solomon's job and asks this Court to make nonsensical inferences based on these new facts that are not in the Complaint. *See* P. Resp. at 13. But Plaintiff cannot solve the shortcomings of his Complaint by attempting to plead new facts in his Response. *Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 F. App'x 246, 255 (6th Cir. 2015) ("[A] district court cannot consider matters beyond the complaint."). The absence of such allegations is fatal.

The only allegation within the Complaint that Plaintiff claims to show a commercial injury is an unidentified person's post on social media stating that the poster pulled their business from Plaintiff's employer. P. Resp. at 14. But this only infers that his employer might have suffered an injury; Plaintiff *himself* must have suffered a commercial injury to plead a claim of his own. And the Complaint does not allege anything of the sort, nor does such a conclusion follow from the facts alleged. Without such an injury, Plaintiff is not within the zone of interests of the Lanham Act, and his attempt at a federal claim fails.

### Plaintiff Failed to Plead Proximate Cause

For all these reasons, there is no commercial injury—but, even if there were, the Complaint fails to allege that the injury "flow[ed] directly from the deception wrought *by the defendant's advertising.*" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014) (emphasis added). This, too, renders Plaintiff's attempt at a Lanham Act claim futile.

Plaintiff's Response does not address this issue. But when he claims that his commercial injury was from the unidentified social media commenter, he makes the lack of proximate cause clear. For one, there is no indication that the social media comment—or the actions the person claims they took—came in response to a false advertisement made by Defendants. The post itself indicates that it was made in response to a post from an account called "@tmipshop," not the

2

Defendants' alleged Account. Nor does the post indicate that the person's actions were due to a false advertisement by Defendants. *See* Complaint at 113. But, even if it did, the Complaint does not say how a customer removing their business from Plaintiff's employer, Merrill Lynch, harms the Plaintiff. Without these allegations, the Plaintiff has not sufficiently plead proximate cause. *See Lexmark Int'l, Inc.*, 572 U.S. at 133.

### The Defendants Are Not Engaged in Commercial Advertising or Promotion

Plaintiff says that Defendants' speech is commercial because "their numerous false statements have been made for the purpose of selling products and soliciting donations." P. Resp. at 13. For the reasons explained in Defendants' Motion to Dismiss, to which Plaintiff provided no response, the solicitation of donations is not commercial speech. *See* Def. Mot. Dismiss at 17-18. Moreover, Plaintiff's apparent argument that all of Defendants' alleged statements on social media were made for the purpose of selling products is conclusory and unsupported by any facts in the Complaint. The Complaint does not even allege that Defendants actually sold products; it just claims they announced an intent to sell them in the future, Compl. at ¶ 103, which is quite distinct from alleging that Defendants influenced anyone to *buy* anything. The Complaint also fails to identify any industry or client base for either the Plaintiff or the Defendants. Without these pieces, the Plaintiff failed to plead all three requirements necessary to establish that the Defendants' communications constituted commercial advertising or promotion. *See Grubbs v. Sheakley Group, Inc.*, 807 F.3d 785, 801 (6th Cir. 2015) (requiring (i) commercial speech, (ii) for the purpose of influencing customers to buy the defendant's goods or services, (iii) that is disseminated either widely enough to the relevant purchasing public to constitute advertising or promotion within that industry or to a substantial portion of the plaintiff's or defendant's existing customer or client base.)

*Solicitation of Donations is Not Commercial Activity*

Because there are no goods or services involved here, Plaintiff argues that Defendants' alleged solicitation of donations is a commercial activity. P. Resp. at 11-12. To support this claim, Plaintiff provides a single paragraph declaring that "[n]umerous courts have found that the solicitation of donations is conduct that comes within the ambit of a false advertising claim under the Lanham Act[,]" followed by a string cite. *Id*. But none of the cases he cites supports his claim.

*Birthright v. Birthright Inc.*, 827 F. Supp. 1114 (D.N.J. 1993), is the only case that Plaintiff cites that even addresses whether fundraising is a commercial activity. There, the district court explicitly held that the "fundraising letters were *not* commercial advertisements." (emphasis added). The court held, however, that the Lanham Act claim could proceed because "the statements contained in fundraising letters *about the services provided* by a non-profit organization represent a promotion of those services." 827 F. Supp. at 1138 (emphasis added). In other words, the court held that the defendant allegedly misrepresented the nature of its services. *See id*. It did *not* hold that soliciting donations is a commercial activity. *See id*.

None of the other four cases cited by the Plaintiff say that the solicitation of donations is a commercial activity. And, like *Birthright*, the other four cases also involve non-profit organizations performing services for third parties. *See Wigs for Kids, Inc. v. Wigs 4 Kids of Michigan, Inc.*, No. 17-11471, 2017 WL 6539271 (E.D. Mich. Dec. 21, 2017) (defendant provided wigs for children); *Alzheimer's Disease Res. Ctr., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, 981 F. Supp. 2d 153 (E.D.N.Y. 2013) (defendant organized charity walks); *Baiqiao Tang v. Wengui Guo*, No. 17 CIV. 9031 (JFK), 2020 WL 6414371 (S.D.N.Y. Nov. 2, 2020) (defendant's organizations purportedly promoted greater human rights and democracy in China); *Grasshopper, LLC v. Clean & Sober Media LLC*, No. 218CV00923SVWRAO, 2018 WL

4

11309934 (C.D. Cal. Oct. 18, 2018) (defendant and plaintiff operated addiction rehabilitation centers).

The defendants here are *not* non-profit organizations advertising their services to solicit donations. They are *not* engaged in any commercial business—non-profit or otherwise—at all. Plaintiff has sued the Defendants—his daughter's friends, their parents, and his ex-wife—because he believes they are supporting his daughter and raising awareness about her allegations of sexual abuse against him. This is a personal dispute, not a business one. There is no commercial activity here.

### *Subject Matter Jurisdiction*

In trying to keep its state-law driven case in federal court to avoid the consequences of Tennessee's new anti-SLAPP laws, Plaintiff claims that there are no novel or complex issues of state law raised in the Complaint. This claim is either naïve or disingenuous, as this Court will no doubt face complex questions about whether Tennessee's new anti-SLAPP statute will apply in federal court and, if it does, how to apply it. Plaintiff also downplays the complexity of the Tennessee Personal Rights Protection Act claims here, where Plaintiff alleges that one of the minor's parents was responsible for the use of Gracie's name in an alleged advertisement.

Plaintiff further declares that "[n]o one claim predominates over the others." P. Resp. at 17. This is, and has always been, a defamation case at its core. But even if no single claim predominates over any other single claim, Plaintiff's twelve state law claims together certainly predominate over his sole federal claim. *See Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 186 F. Supp.2d 787, 790-91 (E.D. Mich. 2002) (Where plaintiffs asserted only one federal claim out of 13 claims in the complaint, the state law claims substantially predominate over the remaining federal claim and might engender confusion with the jury).

5

Respectfully Submitted,

/s/ Alex Little

J. Alex Little (TN BPR #029858)
Zachary C. Lawson (TN BPR #036092)
Ross M. Johnson (TN BPR #036067)
Burr & Forman LLP
222 2nd Avenue South, Suite 2000
Nashville, TN 37201
Telephone: 615-724-3203
alex.little@burr.com
*Counsel for Wynn Hicks, Anna Smith, and Kami Abbate*

/s/ Kirk Catron (with permission)
Kirk Catron
303 N. Walnut Street
Murfreesboro, TN 37130
kirk@borolawgroup.com
*Counsel for Melanie Hicks*

/s/ Angelia Solomon (with permission)
Angelia Solomon
*Pro Se*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of September, 2021, I served a copy

of the above-titled document via operation of the Court's ECF filing system or U.S. Mail:

Paige W. Mills, Esq.
Ashleigh D. Karnell, Esq.
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, TN  37201
pmills@bassberry.com
akarnell@bassberry.com

/s/ J. Alex Little