# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AARON SOLOMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:21-cv-00498 |
| ) | |
| ANGELIA SOLOMON, et al., ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE HOLMES |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss. (Doc. No. 27). Plaintiff filed a Response in Opposition (Doc. No. 29), and Defendants filed a Reply (Doc. No. 30). For the reasons discussed below, Defendants' Motion will be **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from the fraught relationship between former spouses Plaintiff Aaron Solomon ("Mr. Solomon") and Defendant Angelia Solomon ("Ms. Solomon"). In May 2013, Mr. Solomon filed for divorce from Ms. Solomon. (Doc. No. 1 ¶ 24). Throughout the divorce, Ms. Solomon made numerous allegations that Mr. Solomon was abusive physically, mentally, and sexually, to herself and to the parties' minor children. (*Id*. ¶ 25). The divorce court found Ms. Solomon's allegations of abuse lacked merit and awarded Mr. Solomon custody of the children. (*Id*. ¶¶ 26-40). After the divorce, Ms. Solomon filed lawsuits alleging abuse and neglect against Mr. Solomon in the Juvenile Courts for Coffee and Williamson Counties. (*Id*. ¶¶ 44-48). Both actions were subsequently dismissed. (*Id*.). On February 19, 2020, the Circuit Court for Williamson County imposed prefiling restrictions on any civil action Ms. Solomon attempts to file

against Mr. Solomon. (*Id*. ¶¶ 52-53; Doc. No. 1-2). On July 20, 2020, the Solomons' 18-year-old son was tragically killed in a single car accident. (Doc. No. 1 ¶ 54).

On October 9, 2020, Ms. Solomon had her friend, Defendant Melanie Hicks, file a petition in the Juvenile Court for Williamson County on behalf of the Solomons' minor daughter, Gracie, alleging abuse and neglect against Mr. Solomon. (*Id*. ¶ 57). The Williamson County Juvenile Court found Defendant Hicks' petition was without merit. (*Id*. ¶ 58).

After her attempts to improperly use the courts against Mr. Solomon failed, Ms. Solomon took her case to social media for the purpose extorting Mr. Solomon into giving up his child custody and raising money for herself. (*Id*. ¶¶ 59-116). On May 12, 2021, Ms. Solomon created an Instagram account called "FreedomForGracie" and shortly thereafter similar accounts sprang up on other social media platforms (collectively all of the "FreedomForGracie" social media accounts are referred to as the "Accounts"). (*Id*. ¶ 61).

The Accounts have regularly posted false statements about Mr. Solomon, including that he tried to kill or otherwise physically abuse Ms. Solomon prior to the divorce; that Mr. Solomon sexually abused Gracie Solomon; that Mr. Solomon physically and/or emotionally abused Grant and Gracie Solomon; that Mr. Solomon murdered Grant Solomon and used his influence to see that no investigation was done; that Mr. Solomon bought grave sites for Ms. Solomon and Gracie without Ms. Solomon's knowledge as part of some murder suicide plan; that Mr. Solomon was banned from participating in activities sponsored by the Williamson County Sports and Recreation Department because he was abusive to his wife, children, and others; that Mr. Solomon stole money from Grace Christian Academy; that Mr. Solomon has filed multiple bankruptcies; that Mr. Solomon has swindled people; that Mr. Solomon was fired from Channel 4 because he had inappropriate content on his computer and phone; that Mr. Solomon was diagnosed as a narcissist,

sociopath, and/or sex addict; that Mr. Solomon abused some unnamed ex-girlfriend; and that he has drugged women. (*Id*. ¶ 63).

On May 21, 2021, Mr. Solomon filed suit against Ms. Solomon and others in Williamson County Circuit Court. (Doc. No. 1 ¶ 117). Mr. Solomon took a non-suit in his state court case on June 29, 2021. (*Id*. ¶ 121). Later the same day, Mr. Solomon filed the present suit, alleging unfair competition under the Lanham Act and a variety of state law claims. Defendants move to dismiss all claims.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *Jones v. Glad Music Publ'g & Recording LP*, 535 F. Supp. 3d 723, 730 (M.D. Tenn. 2021) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack under Rule 12(b)(1) 'questions merely the sufficiency of the pleading,' and the trial court therefore takes the allegations of the complaint as true." *Id*. (quoting *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *See Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citation omitted). "If the allegations in the Complaint establish federal claims, the exercise of subject matter jurisdiction is proper." *Id*. "A factual attack is a challenge to the factual existence of subject matter jurisdiction." *Jones*, 535 F. Supp. 3d at 730. *"*In the case of a factual challenge, no presumption of truthfulness applies to the factual allegations." *Id*. (citing *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015)). In either case, the plaintiff

3

has the burden of establishing jurisdiction to survive a motion to dismiss. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

The Court construes the challenge brought in this case as a facial attack, premised largely upon the allegations in the Complaint.

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

### III. ANALYSIS

In their motion to dismiss, Defendants first argue that, under Federal Rule of Civil Procedure 12(b)(1), this Court lacks subject jurisdiction because Mr. Solomon's Lanham Act claim was made for the sole purpose of obtaining federal jurisdiction. Defendants then argue that, under Rule 12(b)(6), Mr. Solomon fails to state a claim under the Lanham Act and that the Court should decline supplemental jurisdiction over Mr. Solomon's remaining state law claims.

**A. Jurisdiction**

Mr. Solomon invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over civil actions "arising under" the Constitution, laws, or treaties of the United States. *Id*. The "arising under" gateway into federal court under 28 U.S.C. § 1331 "has two distinct portals: 1) litigants whose causes of action are created by federal law, and 2) state-law claims that implicate significant federal issues." *Hampton v. R.J. Corman R.R. Switching Co. LLC*, 683 F.3d 708, 711 (6th Cir. 2012). Mr. Solomon's Declaratory Judgement claim (Claim One) cannot form the basis for federal question jurisdiction because the Declaratory Judgment Act does not provide an independent basis for jurisdiction. *See Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Nor can his negligence *per se* claim (Claim Six) alleging violations of federal laws. *See Mays v. City of Flint, Mich.*, 871 F.3d 437, 449–50 (6th Cir. 2017) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986) ("when a plaintiff's complaint raises garden-variety tort claims, 'the presence of a claimed violation of [a federal] statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.'")). Mr. Solomon does not argue otherwise in his response. Thus, for purposes of the subject matter jurisdiction analysis in this case, the existence of federal question jurisdiction turns on Mr. Solomon's unfair competition claim under the Lanham Act (Claim Two).

Defendants contend that Mr. Solomon's Lanham Act claim cannot trigger federal question jurisdiction under 28 U.S.C. § 1331 because its immaterial and made for the sole purpose of obtaining federal jurisdiction. (Doc. No. 27 at 2, 21 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). A claim invoking federal question jurisdiction under 28 U.S.C. § 1331, may be dismissed for want of subject-matter jurisdiction "if it is not colorable, *i.e.*, if it is

5

'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). In his response, Mr. Solomon denies that his Lanham Act claim is pretextual. (*See* Doc. No. 29 at 8). To the extent Mr. Solomon suggests that it is Defendants' burden to prove why his claim is inadequate to confer federal question jurisdiction, he is wrong. It is the plaintiff's burden to establish jurisdiction to survive a motion to dismiss. *See Jones v. Glad Music Publ'g & Recording LP*, 535 F. Supp. 3d 723, 730 (M.D. Tenn. 2021) (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)). Nevertheless, the Court is not persuaded that Mr. Solomon brings his Lanham Act claim for the sole purpose of obtaining federal jurisdiction. Accordingly, Defendants' motion will not be granted on this ground.

**B. Merits**

The private remedy in Section 1125(a) may be invoked only by those who come within the zone of interests. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 130 (2014). "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id*. at 131–32; *see id*. at 140 ("To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations."). Thus, "the private remedy may be invoked only by those who 'allege an injury to a commercial interest in reputation or sales.'" *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 108 (2014) (quoting *Lexmark*, at 131–32). A complaint satisfies this requirement by alleging commercial injuries, such as "lost sales" or "damage to [a plaintiff's] business reputation." *Lexmark*, at 137.

Defendants argue that the Complaint fails to allege facts that would show Mr. Solomon is within the "zone of interests" protected by the Lanham Act. Specifically, Defendants argue that the Complaint fails to allege facts showing an injury to a commercial interest in business reputation or sales. In his response, Mr. Solomon asserts that the Complaint alleges such facts in paragraphs 8, 108, 111, 146, 162, 163, 169, and 176. (*See* Doc. No. 29 at 14). Out of these eight paragraphs, only two contain well-pleaded factual allegations. (*See* Doc. No. 1 ¶¶ 108, 111). These paragraphs allege an injury to Mr. Solomon's reputation in the community. *Cf Lexmark*, at 133 ("the Lanham Act authorizes suit only for commercial injuries"). Mr. Solomon asserts that paragraph 113 of the Complaint contains allegations that show "customers have withdrawn their business from him because of Defendants' conduct." (Doc. No. 19 at 14). Paragraph 113 alleges:

> Another poster bragged about how the falsehoods spread by the Accounts prompted her to terminate her relationship with Merrill Lynch (Mr. Solomon's employer) and remove all of her family's accounts:
>
> bridgetshawsales @tmishop absolutely! I spoken with some very good friend today. Talk about getting the ball rolling! I couldn't sleep ALL NIGHT! My husband & I have removed all of our accounts & family accounts with Merrill Lynch. His mother's attorney gave them a ear full!

(Doc. No. 1 ¶ 113). Contrary to Mr. Solomon's contention, the foregoing paragraph does not allege facts showing that he lost clients or business. Nor do any of the other paragraphs in the Complaint. At most, the Complaint alleges that Mr. Solomon was employed by Merrill Lynch and works as a financial advisor. (*See id*. ¶¶ 113, 91). Mr. Solomon appears to agree, asserting "[i]t is self-evident that these false allegations would damage the career of a financial advisor[.]" While the Court is required to view the facts and draw inferences in Mr. Solomon's favor, it cannot draw inferences from facts that are not alleged. Here, the Complaint does not allege facts showing that Mr. Solomon has suffered an injury to a commercial interest, but rather that his employer may have lost accounts

without pleading how such losses impacted his commercial interest. As such, Mr. Solomon does not "come within the zone of interests in a suit for false advertising under § 1125(a)[.]" *Lexmark*, 572 U.S. at 131-32. Accordingly, this portion of Defendants' motion to dismiss will be granted.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss will be **GRANTED** as to Claim Two for failure to state a claim. There being no remaining claims arising under federal law, the Court declines to exercise supplemental jurisdiction over Mr. Solomon's state law claims.

An appropriate Order will enter.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE